# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| HAROLD ARNALDO HERNANDEZ,<br>Appellant, | DOCKET NUMBER<br>AT-4324-15-0765-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>Agency. | DATE: March 1, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ryan C. Nerney, Esquire, Encinitas, California, for the appellant.

Chad Y. Tang, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal under the Uniformed Services Employment and Reemployment Rights Act (USERRA) for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 On July 24, 2015, the appellant filed an appeal contesting the agency's decision to terminate his employment as a Special Agent with the Federal Bureau of Investigation (FBI or the agency). He alleged that his termination was the result of discrimination based upon his past military service. Initial Appeal File (IAF), Tab 1. The administrative judge informed the appellant in detail of what he needed to show in order to establish Board jurisdiction under USERRA, and provided him an opportunity to submit evidence and argument on the issue. IAF, Tab 3. Based on the written record, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision. This petition for review followed. Petition for Review (PFR) File, Tab 1.

¶3 The Board's jurisdiction over USERRA cases, including claims of discrimination arising under 38 U.S.C. § 4311, is based on 38 U.S.C. § 4324. *Erlendson v. Department of Justice*, 121 M.S.P.R. 441, ¶ 5 (2014). Section 4324(b) provides, in relevant part to this matter, that "[a] person may submit a [USERRA] complaint against a Federal executive agency . . . directly to the Merit Systems Protection Board" in certain circumstances. 38 U.S.C.

§ 4324(b); *Erlendson*, 121 M.S.P.R. 441, ¶ 5. For purposes of the statute, the term "Federal executive agency" means "any Executive agency (as that term is defined in section 105 of title 5) other than an agency referred to in § 2302(a)(2)(C)(ii) of title 5." 38 U.S.C. § 4303(5); *see* 5 C.F.R. § 353.102(2). The FBI is among the agencies specifically listed in 5 U.S.C. § 2302(a)(2)(C)(ii), and is thus excluded from the definition of "Federal executive agency" for purposes of filing a USERRA appeal with the Board under 38 U.S.C. § 4324(b). Accordingly, we have held that the Board lacks jurisdiction to hear a USERRA complaint brought against the FBI. *Erlendson*, 121 M.S.P.R. 441, ¶ 6; *see Dew v. United States*, 192 F.3d 366, 372 (2d Cir. 1999) (holding that 38 U.S.C. § 4325, the USERRA enforcement provision applicable to the FBI, does not authorize a complaint to the Board).

¶4      On review, the appellant argues that the Board nonetheless must find jurisdiction over his USERRA claim. He contends that by denying him an opportunity to contest the alleged discriminatory action, the agency failed to meet its obligations under 38 U.S.C. § 4315(a), which provides that the head of each agency referred to in 5 U.S.C. § 2302(a)(2)(C)(ii) "shall prescribe procedures for ensuring that the rights under this chapter apply to the employees of such agency." As a result, he argues, a Board appeal is now his only recourse, and to deny him an appeal would violate his constitutional right to due process and equal protection of the laws. PFR File, Tab 1 at 6-8. He asserts that his constitutional rights supersede any statutory language to the contrary. PFR File, Tab 4 at 7.[2]

---

[2] In his reply to the agency's response to his petition for review, the appellant further argues that his claims that the agency committed prohibited personnel practices under 5 U.S.C. § 2302(b)(1) and (b)(4) are "independently appealable." PFR File, Tab 4 at 4-5. That argument is not properly before us, as our regulations provide that a reply to a response to a petition for review is limited to the issues discussed in the response and may not introduce new allegations of error. 5 C.F.R. § 1201.114(a)(4). In any event, it is well established that 5 U.S.C. § 2302(b)(1) and (b)(4) do not provide an independent basis for Board jurisdiction. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶5	While we sympathize with the appellant's desire for a hearing, the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Regardless of whether the appellant received the process required under 38 U.S.C. § 4315(a), the fact remains that the statutory enforcement scheme of USERRA does not grant the Board jurisdiction to enforce the substantive provisions of the Act against the FBI. *See Erlendson*, 121 M.S.P.R. 441, ¶ 6; *cf. Dew*, 192 F.3d at 372-73 (holding that USERRA does not empower the courts to enforce the substantive provisions of the Act against agencies referred to in 5 U.S.C. § 2302(a)(2)(C)(ii)). Insofar as the appellant argues that the statutory enforcement scheme deprives him of his constitutional rights, we cannot consider his argument, as the Board is without authority to determine the constitutionality of Federal statutes. *May v. Office of Personnel Management*, 38 M.S.P.R. 534, 538 (1988). We must therefore affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and

that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.   Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                             William D. Spencer
                             Clerk of the Board

Washington, D.C.